IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KIEARRE REESE, # M-23769, )
)
        Plaintiff, )
)
vs. ) Case No. 17-cv-1332-SMY
)
DR. JOHN TROST, )
and JOHN DOE #1, )
)
        Defendants. )

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kiearre Reese, currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, both medical providers at Menard, were deliberately indifferent to a serious medical condition. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Along with the Complaint, Plaintiff has filed a motion seeking a preliminary injunction requiring prison officials to provide him with treatment. (Doc. 3).

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d

1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

## The Complaint

Plaintiff asserts 3 Counts in his Complaint. In Count 1, he alleges that in April 2017, Dr. Trost (the former medical director at Menard) referred him to an outside medical provider who diagnosed him with severe hemorrhoids and successfully treated the condition. (Doc. 1, p. 5). Trost made that referral, however, only after Plaintiff complained and filed grievances over a

2

period of time during 2016-2017, in which Plaintiff explained that he was suffering from severe pain and inflammation around his rectum and blood in his stool.

Sometime after April 2017, Plaintiff's hemorrhoids returned and became much worse than before. (Doc. 1, p. 5). The tissue around his rectum is so severely inflamed and painful that Plaintiff has great difficulty defecating and cannot properly clean himself. As a result, Plaintiff's body smells of stool and infection, and his rectal area is draining pus. He is in so much pain that he cannot sit or comfortably lie down.

Plaintiff reported his symptoms to Trost and requested treatment. Trost examined him, determined that the hemorrhoids had come back, and decided that Plaintiff would need to be treated again at an outside facility. (Doc. 1, p. 6). However, Trost refused to make the referral at that time because he thought it "would make Menard officials look incompetent," and instead decided to "wait for a little while" before sending Plaintiff for the necessary treatment. *Id.* Plaintiff's protests about the delay were unavailing, and soon after this encounter, Trost was terminated from his position at Menard. *Id.* Plaintiff asserts that Trost exhibited deliberate indifference to his medical condition by delaying necessary treatment.

Count 2 asserts a claim for deliberate indifference against the John Doe Defendant, described in the Complaint as an "Unknown Medical Staff" person. (Doc. 1, p. 6). Plaintiff consulted with this John Doe Defendant (who shall be designated herein as John Doe #1) following Trost's termination. Plaintiff explained his symptoms and history of earlier treatment for hemorrhoids as well as Dr. Trost's conclusion that Plaintiff's condition again required treatment from an outside provider. John Doe #1 told Plaintiff that "there isn't much that can be done" for hemorrhoids, and gave Plaintiff cream and ibuprofen, neither of which had been effective in treating Plaintiff's symptoms when he was given them earlier. (Doc. 1, pp. 6-7).

3

The cream had even made Plaintiff's condition worse. John Doe #1 refused to examine Plaintiff in order to see the severity of his inflammation and drainage of pus, blood, and stool. John Doe #1 also refused to send Plaintiff to another provider who could examine and treat him.

In Count 3, Plaintiff identifies Trost and "Unknown Medical Staffs" as the responsible parties. (Doc. 1, p. 7). This deliberate indifference claim is based on chest pain, "tightness," and severe burning sensations in his chest, which Plaintiff has been experiencing for 3 years. The pain is so severe that Plaintiff has to stop walking and bend over in order to relieve the tightness in his chest, or alternatively to sit up if he is in a lying-down position. (Doc. 1, p. 7). Plaintiff has also suffered from asthma for many years, but believes the chest pain is unrelated to the asthma because it began more recently than the onset of Plaintiff's asthma.

"Staff" has given Plaintiff an asthma pump and acid reflux pills, which have not relieved the chest pain/tightness/burning. (Doc. 1, p. 7). Plaintiff made repeated complaints and sick call requests, which finally prompted "medical staff" to order x-rays. (Doc. 1, p. 8). The x-rays, however, revealed nothing. Subsequently, Plaintiff has pleaded with unnamed medical staff to approve him for an MRI, EKG, and an outside specialist consultation, all of which have been refused. Plaintiff is concerned that he may have a hereditary condition causing his symptoms, because his uncle died in Menard in 2011 after suffering from chest pain and "associated complications." *Id.*

As relief, Plaintiff seeks damages and an injunction requiring Menard officials to send him to a specialist to treat his "known and unknown conditions." (Doc. 1, p. 9).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts, which correspond with Plaintiff's designation of his claims.

4

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment deliberate indifference claim against Dr. Trost, for refusing to refer Plaintiff to an outside specialist for treatment of his hemorrhoids, even though Trost determined that the referral was medically necessary;
>
> **Count 2:** Eighth Amendment deliberate indifference claim against medical provider John Doe #1, for refusing to examine Plaintiff, refusing to refer him to another medical provider who could examine and treat his hemorrhoids, and giving Plaintiff medication that made his condition worse and failed to relieve his pain;
>
> **Count 3:** Eighth Amendment deliberate indifference claim against Trost and unknown medical provider(s) (who shall be designated as John/Jane Doe #2), for refusing to conduct further testing or make a specialist referral to determine the cause of and treatment for Plaintiff's severe ongoing chest pains.

Counts 1 and 2 shall receive further consideration. However, Count 3 will be dismissed for failure to state a claim upon which relief may be granted.

### Count 1 – Deliberate Indifference – Dr. Trost

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th

Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015).

However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff's hemorrhoids, inflammation, and possible infection caused him serious and persistent pain and impaired his ability to engage in normal activities. The Complaint thus satisfies the objective component of an Eighth Amendment claim. The remaining question is whether Plaintiff's medical providers acted or failed to act with deliberate indifference to a known risk of serious harm.

Not long before Dr. Trost departed from his prison job, he acknowledged that Plaintiff's condition required medical attention from an outside provider. However, he intentionally delayed making a referral for Plaintiff to obtain that treatment, and according to Plaintiff, made that decision because he didn't want prison officials to look bad. Trost's alleged refusal to make a prompt referral for Plaintiff to have necessary treatment supports a deliberate indifference claim. Likewise, Trost's delay in 2016 and 2017 before ultimately referring Plaintiff to an outside provider In April 2017 merits additional review of Count 1. **Count 1** shall therefore proceed for further consideration.

**Count 2 – Deliberate Indifference – John Doe #1**

As discussed under Count 1, Plaintiff has sufficiently pleaded that his hemorrhoids,

inflammation, and pain constitute an objectively serious medical condition. As to the subjective component of his claim against the John Doe #1 medical provider (Plaintiff does not specify whether this individual is a physician, nurse, or other professional), Plaintiff alleges that this defendant refused to examine him, refused to consider referring him to a different provider (in or outside the prison) who could give him a physical examination, and limited his treatment to providing a cream that had previously worsened Plaintiff's symptoms and ibuprofen, which had failed to relieve his pain. (Doc. 1, pp. 6-7). These allegations support a deliberate indifference claim against John Doe #1.

While **Count 2** against John Doe #1 survives review under § 1915A, before this claim may proceed, Plaintiff must identify John Doe #1 by name so that he may be served with the Complaint. Where a prisoner's Complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

Accordingly, the Clerk will be directed to add the Menard Warden as a Defendant, so that the Warden may respond to discovery aimed at identifying this unknown Defendant. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of John Doe #1 is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

### Dismissal of Count 3 – Deliberate Indifference to Chest Pain

Plaintiff's description of ongoing chest pain, tightness in his chest, and burning sensations, which have persisted for 3 years, suggests that he has another objectively serious

7

medical condition. However, the allegations regarding his interactions with the unidentified medical provider(s) (John/Jane Doe #2)[1] are insufficient to demonstrate that the provider(s) were deliberately indifferent to Plaintiff's medical needs.

Plaintiff was provided with an asthma pump and acid reflux medication, indicating that some unknown medical staff person(s) provided him with treatment. But the fact that a prescribed treatment proves to be ineffective does not state a claim for deliberate indifference. *See Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008). Medical providers (John/Jane Doe #2) also ordered x-ray(s) in an attempt to assess Plaintiff's chest pain. That response does not indicate deliberate indifference.

After the x-ray(s) revealed nothing, Plaintiff claims that he requested John/Jane Doe #2 to approve him for an MRI and an EKG, and to send him to an outside facility/specialist for further assessment, but John/Jane Doe #2 denied these requests. The denials of Plaintiff's requests for further testing and/or a referral might support a deliberate indifference claim. However, a prisoner is not entitled to demand specific treatment or diagnostic testing, *see Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997), and the Complaint allegations do not indicate that the denial of these particular tests or a referral rose to the level of deliberate indifference.

Furthermore, in order to state a claim against a prison official, Plaintiff must include the individual as a defendant and identify them either by name, or as a John/Jane Doe, with sufficient description to enable the eventual identification of the individual (such as gender, job position, shift worked, and/or date of encounter with the Defendant). Plaintiff must also describe what each individual defendant did or failed to do that violated his constitutional rights. *See*

---

[1] The Court has designated the unknown medical provider(s) referenced in Count 3 as "John/Jane Doe #2" for clarity, and to distinguish this person or persons from Defendant John Doe #1, who is the subject of Count 2. It is not clear from the Complaint whether John/Jane Doe #2 may be the same person as John Doe #1.

*Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) ("to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation").

In Count 3, Plaintiff does not indicate whether the "medical staff" (John/Jane Doe #2) who allegedly denied his requests was one individual or more than one. Moreover, he does not indicate whether John/Jane Doe #2 was a nurse, doctor, or other professional, and he does not disclose the date(s) or nature of his interactions with John/Jane Doe #2 in his alleged attempts to seek treatment or testing for his chest pain. Allegations addressing these questions will be necessary in order for the Court to evaluate the claim in Count 3 if Plaintiff chooses to re-plead this claim.

Further, Plaintiff fails to state a claim in Count 3 against Dr. Trost, who is the only identifiable individual that Plaintiff associates with this claim. (Doc. 1, p. 8). Plaintiff references Trost in the heading for Count 3, but he fails to mention him by name elsewhere in the body of his Statement of the Claim in Count 3, and does not connect any factual allegations to Trost. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). When a plaintiff has not included a defendant in his Statement of the Claim, the defendant cannot be said to be adequately put on notice of which claims in the Complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

For these reasons, **Count 3** will be dismissed without prejudice, for failure to state a claim upon which relief may be granted.

**Pending Motion**

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's motion for preliminary injunction (Doc. 3) is **REFERRED** to the United States Magistrate Judge, who shall resolve the request for preliminary injunction as soon as practicable. Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the Complaint are also **REFERRED** to the U.S. Magistrate Judge.

Further, the Clerk is **DIRECTED** to add the Warden of Menard Correctional Center as a Defendant in this action, in his/her official capacity only, to implement any injunctive relief that may be ordered. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

**Disposition**

The Clerk is **DIRECTED** to modify the party originally designated as "JOHN DOE" to **JOHN DOE #1 (Unknown Medical Provider)**. The Clerk is further **DIRECTED** to add as a Defendant the **WARDEN of MENARD CORRECTIONAL CENTER (Official Capacity).**

**COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

The Clerk of Court shall prepare for Defendants **TROST** and **WARDEN of MENARD CORRECTIONAL CENTER (Official Capacity)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, a copy of the motion for preliminary injunction (Doc. 3), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of

Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendant **JOHN DOE #1 (Unknown Medical Provider)** until such time as Plaintiff has identified this individual by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Reona J. Daly** for further pre-trial proceedings, which shall include a report and recommendation, as soon as practicable, on disposition of the motion for preliminary injunction. (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 13, 2018**

                                                  s/ STACI M. YANDLE
                                                  United States District Judge