IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIEARRE REESE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-1332-SMY-RJD |
| | ) |
| DR. JOHN TROST, WARDEN OF | ) |
| MENARD CORRECTIONAL CENTER, | ) |
| and NURSE PRACTITIONER | ) |
| MOLDENHAUER, | ) |
| Defendants. | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 59), recommending that Defendants' Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 38) be denied. Defendant Moldenhauer filed a timely objection (Doc. 60). For the following reasons, the Court **ADOPTS** Judge Daly's Report and Recommendation.

### Background

Plaintiff Kiearre Reese, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, claiming his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard'). Plaintiff alleges medical providers at Menard failed to adequately treat his severe hemorrhoids.

Plaintiff filed a single grievance dated January 18, 2019, which he marked as an emergency. In the grievance, Plaintiff stated that in August 2016, he went to an outside hospital for treatment of hemorrhoids. After his hospital stay, he continued experiencing more frequent

blood in his stool and was told by "healthcare" in October 2016 that he would be treated again at a different hospital. Plaintiff complained that he had not been sent to an outside hospital for treatment and indicated he was still seeing blood in his stool. The Chief Administrative Officer ("CAO") determined Plaintiff's grievance constituted an emergency on January 27, 2017, and it was expedited for review. The Grievance Officer reviewed the grievance on January 30, 2017 and recommended that it be found moot. The CAO concurred with the Grievance Officer's recommendation on February 2, 2017. The ARB received the grievance on March 2, 2017, and denied the same, finding it was appropriately addressed at Plaintiff's institution.

Defendants move for summary judgment in this case, contending Plaintiff failed to exhaust his administrative remedies prior to filing suit. As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Judge Daly held an evidentiary hearing on Defendants' Motion. Following the *Pavey* hearing, Judge Daly issued the Report and Recommendation currently before the Court (Doc. 59). The Report accurately states the nature of the evidence presented by both sides on the issue of exhaustion, the applicable law, and the requirements of the administrative process.

In recommending denying Defendants' Motion, Judge Daly found, and the parties do not dispute, that Plaintiff's single grievance was fully exhausted on Match 3, 2017 after the Administrative Review Board provided its response with the IDOC Director in concurrence. Judge Daly also found that the contents of the grievance were sufficient to exhaust Plaintiff's claims of deliberate indifference against Defendant Moldenhauer and Defendant Trost.

**Discussion**

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965

F.2d 298, 301 (7th Cir. 1992). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Here, Defendant Moldenhauer filed a timely objection to the Report in which he reiterates his argument that Plaintiff's claim against him does not arise from an encounter occurring before Plaintiff submitted the January 18, 2017 grievance. He contends that as a result, prison officials did not have a fair opportunity to address Plaintiff's complaints against him. Moldenhauer hinges his argument on a single sentence in the Complaint in which Plaintiff asserts that he saw Moldenhauer after Defendant Trost was terminated. Trost was not terminated until April 2017, after the grievance in question was submitted.

While grievances must contain factual details regarding each aspect of the inmate's complaint, including the name of each person who is the subject of or who is otherwise involved in the complaint, this condition is tempered in that an offender who does not know the name of each person who is involved in the complaint may simply describe the individual with as much detail as possible. ILCS § 504.810(c). The Seventh Circuit has interpreted this as requiring the inmate plaintiff to identify names only to the extent practicable. See *Glick v. Walker*, 385 F. App'x 579, 582 (7th Cir. 2010).

The Court finds Judge Daly's factual findings and rationale to be sound. Although Plaintiff did not identify Trost or Moldenhauer specifically in the January 18, 2017 grievance, he had been examined by both in October 2016, prior to filing his grievance. The Court agrees with Judge Daly's finding that the purpose of the PLRA was met as prison officials had a fair opportunity to address Plaintiff's complaints. It is apparent that Plaintiff exhausted his administrative remedies prior to filing suit.

The Court adopts Judge Daly's Report and Recommendation in its entirety (Doc. 59). Accordingly, the Motion for Partial Summary Judgment for Plaintiff's Failure to Exhaust his Administrative Remedies filed by Defendants Dr. John Trost and Michael Moldenhauer (Doc. 38) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 30, 2019**

_____
**STACI M. YANDLE**
**United States District Judge**