IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIEARRE REESE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   17-cv-1332-RJD |
| ) | |
| NURSE PRACTITIONER ) | |
| MOLDENHAUER, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Opposed Motion to Identify Expert Witness (Doc. 113).   For the reasons set forth below, the Motion is **DENIED**.

**Procedural Background**

Plaintiff, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard").  On September 22, 2020, the Court entered an Order granting the motion for summary judgment filed by the Warden of Menard, and granting in part and denying in part the motion for summary filed by Dr. Trost and Michael Moldenhauer (*see* Doc. 91).   Pursuant to that Order, Plaintiff is proceeding in this case on the following claim:

> Count Two:   Eighth Amendment deliberate indifference claim against Nurse Practitioner Moldenhauer for refusing to examine Plaintiff, refusing to refer Plaintiff to another medical provider who could examine and treat his hemorrhoids, and giving Plaintiff medication that worsened his condition and failed to relieve Plaintiff's pain.

Shortly after the Court's entry of its Order on summary judgment, it assigned counsel,

Attorney Martin Bishop, to represent Plaintiff to "ensure that the final pretrial conference and trial run more efficiently" (*see* Doc. 94).  Following a status conference with counsel shortly after Attorney Bishop's assignment, Plaintiff (through counsel), filed a motion to reopen discovery (*see* Doc. 100).  The undersigned granted the motion in part, granting Plaintiff leave to serve written discovery requests and take the deposition of Defendant; however, if Plaintiff sought discovery beyond this limited scope, he was directed to file a motion setting forth, with particularity, the need for such additional discovery (*see* Doc. 105).  On June 17, 2021, Plaintiff filed a motion to identify expert witness (Doc. 113) that is now before the Court.  Defendant filed a response on July 2, 2021 (Doc. 115), and Plaintiff replied on July 16, 2021 (Doc. 118).

## Motion to Identify Expert Witness (Doc. 113)

Plaintiff asserts expert testimony is necessary to establish "accepted professional judgment, practice, or standards."  More specifically, Plaintiff contends an expert can address whether Defendant Moldenhauer could or should have attempted alternatives to a rectal examination when he saw Plaintiff for complaints of rectal bleeding in October 2016, and explain the importance of reviewing a patient's medical records prior to each visit and documenting the risks and warnings that are discussed with a patient, which Plaintiff contends Defendant failed to do.

Plaintiff also asserts an expert is necessary in this instance due to Plaintiff's complaint of a delay in receiving treatment for his hemorrhoids.  Plaintiff cites *Williams v. Liefer*, wherein the Seventh Circuit indicated that in instances "where prison officials delayed rather than denied medical assistance to an inmate, courts have required the plaintiff to offer 'verifying medical evidence' that the delay (rather than the inmate's underlying condition) caused some degree of harm."  491 F.3d 710, 714-15 (7th Cir. 2007).  Plaintiff argues that due to deficiencies in the

medical records and because there are no medical records related to Plaintiff's condition from April 2017 to January 2018, expert testimony is necessary to explain the consequences of Plaintiff's lack of treatment during this time.

Defendant objects to Plaintiff's request for an expert. Defendant asserts that discovery is closed and, moreover, this is not a case where expert testimony is necessary for a jury to understand the issues. More specifically, Defendant asserts this is not a case where the diagnosis was wrong or the treatment prescribed ineffective; rather, Defendant contends the issue is whether Plaintiff actually complained about hemorrhoids when he saw Defendant on January 20, 2017 and March 6, 2017. Defendant also contends that the issue in this case is not about delay, but even if it was, expert testimony is not required to show that the delay caused Plaintiff harm because Plaintiff can testify about his hemorrhoid symptoms during the alleged delay.

## Discussion

As mentioned above, Plaintiff is proceeding on one count of deliberate indifference against Defendant Moldenhauer concerning his treatment of Plaintiff's hemorrhoids. In the Court's Order on Defendant's Motion for Summary Judgment, the undersigned found there is a question of whether Defendant was deliberately indifferent to Plaintiff's medical condition from January 2017 to January 2018. Specifically, the Court found that during this time, when viewing the evidence in Plaintiff's favor, Defendant refused to conduct any visual or digital rectal exam on Plaintiff in January and March, 2017, and failed to order any particular treatment regimen to address Plaintiff's complaints. Accordingly, Plaintiff was made to wait until February 2018, when he saw a different provider, to have his complaints addressed.

Generally, in determining deliberate indifference, the issues are not so complicated that an expert is required. *See Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997). Indeed, in

*Ledford*, the Seventh Circuit remarked that "the test for deliberate indifference is more closely akin to criminal law than to tort law"; thus, the "question of whether the prison officials displayed deliberate indifference … [does] not demand that the jury consider probing, complex questions concerning medical diagnosis and judgment. The test for deliberate indifference is not as involved as that for medical malpractice, an objective inquiry that delves into reasonable standards of medical care." *Id.* at 359. It seems that, in this case, Plaintiff has conflated the standards and requirements of a jury in a medical malpractice case with that of an Eighth Amendment deliberate indifference case. The issues here are simple, as is the medical condition. A jury will need to determine whether they agree with Plaintiff that he sought treatment for hemorrhoids from Defendant in January and March 2017, and whether Defendant refused. If a jury finds Plaintiff sought treatment, and Defendant refused to provide the same, it will need to determine whether Plaintiff suffered harm due to the delay in receiving treatment. Based on the record before the Court, it appears the only harm Plaintiff alleges he suffered was ongoing pain. In assessing the issues presented, the Court agrees with Defendant that allowance of an expert, especially at this late juncture, overcomplicates the issues.

      The Court acknowledges there may be an element of delay to consider; however, Plaintiff does not allege that the delay caused his hemorrhoids to require more aggressive treatment or otherwise complicated resolution of the same. Rather, it appears Plaintiff asserts the delay caused him prolonged pain and discomfort. This can be established by Plaintiff's testimony at trial and does not necessitate expert testimony. As a final note, the Court finds Plaintiff's assertion that an expert is necessary to address Defendant's decisions related to his October 2016 examination of Plaintiff to be beyond the scope of this lawsuit pursuant to the Court's Order on Summary Judgment (*see* Doc. 91 at 11).

## Conclusion

Based on the foregoing, Plaintiff's Opposed Motion to Identify Expert Witness (Doc. 113) is **DENIED**. This matter is set for a Status Conference on **August 31, 2021 at 9:30 a.m.** The parties should call Judge Daly's conference line at 618-439-7731 to join the call. The purpose of the call is to schedule this matter for trial.

**IT IS SO ORDERED.**

**DATED: August 13, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**